```
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION
```

| | |
|---|---|
| Terry D. Swanger, a/k/a Terry Dean Swanger, | Case No. 8:11-cv-02980-RBH-JDA |
| Plaintiff, | **REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| v. | |
| Arthur S. Benjamin; Jasper County Detention Center, | |
| Defendants. | |

This matter is before the Court on a motion for summary judgment filed by Defendants. [Doc. 41.] Plaintiff, proceeding pro se, brought this civil rights action under 42 U.S.C. § 1983. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial proceedings in cases filed under 42 U.S.C. § 1983 and to submit findings and recommendations to the District Court.

Plaintiff filed this action on October 31, 2011,[1] alleging claims of mistreatment and retaliation. [Doc. 1.] Defendants filed a motion for summary judgment on April 12, 2012.[2] [Doc. 41.] On April 13, 2012, the Court filed an Order pursuant to *Roseboro v. Garrison*,

---

[1] A prisoner's pleading is considered filed at the moment it is delivered to prison authorities for forwarding to the court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). In this case, construing the filing date in the light most favorable to Plaintiff, this action was filed on October 31, 2011. [Doc. 1-1 (envelope postmarked October 31, 2011).]

[2] Defendants originally filed a motion for summary judgment on April 4, 2012. [Doc. 33.] On April 12, 2012, Defendants filed a motion to amend/correct their motion for summary judgment by filing an amended memorandum in support of the motion for summary judgment. [Doc. 36.] The Court granted Defendants' motion and directed Defendants to withdraw the original motion for summary judgment and file a corrected motion. [Doc. 37.] Subsequently, Defendants filed the motion for summary judgment that is now before the Court. [Doc. 41.]

528 F.2d 309 (4th Cir.1975), advising Plaintiff of the summary judgment procedure and of the possible consequences if he failed to adequately respond to Defendants' motion. [Doc. 43.] Receiving no response from Plaintiff, the Court issued an Order on May 23, 2012, allowing Plaintiff through June 12, 2012 to respond to Defendants' motion and advising Plaintiff that, if he failed to respond, his case would be subject to dismissal pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. [Doc. 52.] On June 11, 2012, Plaintiff filed a response in opposition to Defendants' motion for summary judgment. [Doc. 54.] Defendants filed a reply on June 21, 2012 [Doc. 56], and on July 2, 2012, Plaintiff supplemented his response in opposition [Doc. 57]. Accordingly, Defendants' motion is now ripe for review.

## **BACKGROUND**

Plaintiff's allegations stem from the time he spent as a pre-trial detainee at the Jasper County Detention Center ("JCDC"). [*See* Doc. 1.] Plaintiff alleges the conditions at JCDC were terrible, including a lack of hot water, no air conditioning, no heat, and a lack of ventilation in the cells. [*Id.* at 3–4.] Plaintiff alleges he repeatedly filed grievances about these conditions on a single page grievance form but did not receive a reply to his grievances; he alleges a guard told Plaintiff the grievances were being shredded. [*Id.*] Plaintiff also alleges that nothing ever happened in response to his verbal complaints. [*Id.* at 4.]

Plaintiff alleges a guard eventually provided him with the correct grievance forms, and he began to ask for access to either a law library or a copy of the S.C. Minimum Standards so he could list the specific standards that were not met at JCDC. [*Id.*] Plaintiff

2

alleges Defendant Arthur S. Benjamin ("Benjamin") told Plaintiff he was not allowed to see the S.C. Minimum Standards, but Plaintiff's lawyer provided him a copy. [*Id.*] Plaintiff alleges that by the time he received a copy of the S.C. Minimum Standards, almost a year had passed and he had many unanswered grievances and the conditions had not improved. [*Id.*] Plaintiff alleges that by that time, Benjamin refused to answer any grievances, and when questioned, Benjamin denied receiving grievances. [*Id.* at 5.]

Plaintiff alleges inmates at JCDC eventually contacted other agencies for help, and the air conditioning was fixed. [*Id.*] Plaintiff alleges he and other inmates who had complained were sent to Florence County Detention Center ("FCDC"); Plaintiff alleges Benjamin got rid of Plaintiff when he contacted outside agencies about conditions Benjamin should have corrected and procedures Benjamin should have followed. [*Id.* at 6.] Plaintiff alleges his move to FCDC has alienated him from those he needs to be in contact with as he prepares his defense. [*Id.* at 7.] For relief, Plaintiff requests the Court "to investigate this matter and make a decision concerning Mr. Benjamin's behavior." [*Id.*]

## APPLICABLE LAW

**Liberal Construction of Pro Se Complaint**

Plaintiff brought this action pro se, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. Even under this less stringent standard, however, the pro se complaint is still subject to summary

dismissal. *Id.* at 520–21. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Requirements for a Cause of Action Under § 1983**

Section 1983 provides a private cause of action for plaintiffs alleging constitutional violations by persons acting under color of state law. Section 1983 provides, in relevant part,

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. To establish a claim under § 1983, a plaintiff must prove two elements: (1) that the defendant "deprived [him] of a right secured by the Constitution and laws of the United States" and (2) that the defendant "deprived [him] of this constitutional right under color of [State] statute, ordinance, regulation, custom, or usage." *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) (citation and internal quotation marks omitted).

The under-color-of-state-law element, which is equivalent to the "state action" requirement under the Fourteenth Amendment,

> reflects judicial recognition of the fact that most rights secured by the Constitution are protected only against infringement by

> governments. This fundamental limitation on the scope of constitutional guarantees preserves an area of individual freedom by limiting the reach of federal law and avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed.

*Id.* at 310 (quoting *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998)) (internal citations and quotation marks omitted). Nevertheless, "the deed of an ostensibly private organization or individual" may at times be treated "as if a State has caused it to be performed." *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001). Specifically, "state action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Id.* (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)). State action requires both an alleged constitutional deprivation "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and that "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). A determination of whether a private party's allegedly unconstitutional conduct is fairly attributable to the State requires the court to "begin[ ] by identifying 'the specific conduct of which the plaintiff complains.'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 51 (quoting *Blum* v. *Yaretsky*, 457 U.S. 991, 1004 (1982)).

**Summary Judgment Standard**

Rule 56 states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or

6

unnecessary will not be counted." *Anderson*, 477 U.S. at 248.  Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).  Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

## **DISCUSSION**

Liberally construing the Complaint, Plaintiff claims (1) Benjamin failed to respond to Plaintiff's grievances, such that inmates at JCDC continued to live in terrible conditions, and (2) Benjamin moved Plaintiff to FCDC in retaliation for Plaintiff's complaints, which hindered Plaintiff's efforts to prepare a defense to the pending criminal charges against him.  [*See* Doc. 1.]  As stated above, Plaintiff seeks only declaratory relief for these alleged wrongs.  [*See id.* at 7 (requesting the Court to investigate Plaintiff's claims and make a decision about Benjamin's behavior).]  Additionally, Plaintiff is no longer incarcerated at JCDC and has pled guilty to the criminal charges.  [*Id.* at 6 (stating he was transferred to FCDC); Doc. 41-1 at 10 (stating Plaintiff pled guilty in December 2011); Doc. 50 (updating

7

address to Lieber Correctional Institution).] Consequently, his claims are moot. *See Slade v. Hampton Roads Reg'l Jail*, 407 F.3d 243, 248–49 (4th Cir. 2005) (holding that former detainee's request for injunctive relief was moot); *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) ("The transfer . . . has rendered moot [the plaintiff's] claims for injunctive and declaratory relief."); *see also Powell v. McCormack*, 395 U.S. 486, 496 (1969) ("[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."). Therefore, Plaintiff's Complaint should be dismissed.[3]

## RECOMMENDATION

Wherefore, based upon the foregoing, it is recommended that Defendants' motion for summary judgment be GRANTED.

---

[3] Even if Plaintiff's claims were not moot and Plaintiff had exhausted available administrative remedies, the Court would recommend granting Defendants' motion for summary judgment on the merits of Plaintiff's claims. Defendants argue Plaintiff failed to exhaust his administrative remedies with respect to his claims [Doc. 41-1 at 3–5], and in response, Plaintiff provided only conclusory allegations that he exhausted administrative remedies or his grievances were unanswered [Doc. 54]. However, assuming without deciding that Plaintiff has demonstrated a genuine issue of material fact remains as to whether he properly exhausted his claims, to state a claim of infringement of a prisoner's right of access to the courts, a prisoner must include in his complaint factual allegations that tend to support his claim of deprivation of access. *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989). "A prisoner must also identify an actual injury resulting from official conduct." *Strickler v. Waters*, 989 F.2d 1375, 1382–85 (4th Cir. 1993). Here, to the extent Plaintiff alleges denial of access to the courts, Plaintiff has failed to allege any facts that tend to show Defendants impeded Plaintiff's access. Moreover, Plaintiff has failed to present any facts that tend to show a specific injury, such as missing a filing deadline, with respect to Plaintiff's access to the courts. Further, to the extent Plaintiff alleges Defendants interfered with the filing of his grievances or failed to answer his grievances, there is no constitutional right to a grievance procedure. *Jones v. N.C. Prisoners' Labor Union, Inc.*, 433 U.S. 119, 137–38 (1977). Even if the prison provides for a grievance procedure, violations of those procedures do not amount to a civil rights cause of action. *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1944); *see also Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (holding prison official's failure to comply with state's grievance procedure is not actionable under § 1983). Finally, § 1983 imposes liability on only *persons* acting under state law, 42 U.S.C. § 1983, and because JCDC is a building or facility—and not a person—it is not amenable to suit pursuant to § 1983, *see, e.g.*, *Nelson v. Lexington Cnty. Det. Ctr.*, C/A No. 8:10-2988-JMC, 2011 WL 2066551, at *1 (D.S.C. May 26, 2011) (finding that the detention center, a building, is not amenable to suit under § 1983).

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

August 6, 2012
Greenville, South Carolina